UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KEEYLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-02824-JPH-DML |
| | ) |
| GARY RIGGS Detective, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT**

**I.     Screening Standard**

Plaintiff Victor Keeylen is a prisoner currently incarcerated at Pendleton Correction Facility. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Under 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Keeylen's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   The Complaint

Mr. Keeylen brings this action under 42 U.S.C. § 1983 against Detective Gary Riggs, the City of Indianapolis, the Marion County Sheriff's Department Metro Drug Taskforce, and Andre Strong. Dkt. 1.

Mr. Keeylen alleges that Detective Riggs (1) failed to follow the law and protocols in investigating and charging him with drug-related crimes; (2) submitted photos of money as evidence even though they were from an unrelated case; (3) defamed him by saying that he used and sold drugs and used his business as a drug front; (4) executed a warrant that "was based on misleading and bone dry facts" and confiscated $1,000 that was unrelated to the charged offense; and (5) arrested him "without factual cause that would become true beyond a reasonable doubt in a criminal trial." Dkt. 1 at 2–3.

Mr. Keeylen alleges that the City of "Indianapolis (1) hired Detective Riggs despite knowing about "any and all complaints filed against him," (2) allowed Detective Riggs to execute an invalid search warrant, (3) allowed Mr. Keeylen to be arrested and charged with charges it knew could not be proven beyond a reasonable doubt, and (4) would not return his money and property after he was acquitted. Dkt. 1 at 4.

Mr. Keeylen alleges that the Sheriff Department's Metro Drug Taskforce confiscated and auctioned off his property before the charges were resolved. *Id.*

Finally, Mr. Keeylen alleges that Andre Strong conspired with Detective Riggs and the prosecutor to manufacture charges. *Id.*

### III. Discussion of Claims

Claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). That appears to be the case here for all of Mr. Keeylen's federal claims.

For Mr. Keeylen's § 1983 claims, the statute of limitations is two years. *Johnson v. City of South Bend*, 680 F. App'x 475, 476 (7th Cir. 2017) (citing Ind. Code § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). Mr. Keeylen says in his complaint that he was acquitted on August 12, 2015, and all of the alleged violations happened at or before that point. Dkt. 1. But he did not file the complaint until July 9, 2019. *Id.* The complaint was therefore filed beyond the statute of limitations for § 1983 claims. *See Johnson v. Hunt*, No. 1:17-cv-2608-TWP-MJD, 2017 WL 3398006 at *1–2 (S.D. Ind. Aug. 7, 2017).

Mr. Keeylen labels all of his claims as arising under § 1983. However, his defamation claim against Defendant Riggs is a state-law claim, so it does not arise under § 1983. *See* 42 U.S.C. § 1983; *Martino v. W. & S. Financial*

3

*Grp.*, 715 F.3d 195, 205–06 (7th Cir. 2013). Mr. Keeylen has not alleged federal-question jurisdiction over this claim. *See id.*

Mr. Keeylen **SHALL SHOW CAUSE** by **November 8, 2019** why his § 1983 claims should not be dismissed and why, if those claims are dismissed, the Court should not decline to exercise jurisdiction over his defamation claim. *See East-Miller v. Lake Cty. Highway Dept.*, 421 F.3d 558, 564–65 (7th Cir. 2005) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

**SO ORDERED.**

Date: 10/2/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

VICTOR KEEYLEN
950970
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064